UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSEPH KEITH MELANCON, ET AL.

VERSUS

TOWN OF SORRENTO, ET AL.

CIVIL ACTION

NO: 13–746-JWD  SCR

**RULING AND ORDER**

Before the Court is the Motion to Dismiss Cross Claim of Catherine Gil Filed on Behalf of the Town of Sorrento and Earl Theriot, Jr. (Doc. 9). The movers allege that Gil's claim does not arise out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or, in the alternative, that Gil's claim should be dismissed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 9). No opposition to this motion has been filed.

Considering the facts plead by the parties and the law, the Court grants the Town of Sorrento and Earl Theriot, Jr.'s Motion in part, and severs the claims of Catherine Gil. In all other respects, movers' motion is denied.

**I.     *Background***

    A.     Plaintiffs' Claim

Plaintiffs, Joseph Keith Melancon and Mary Blum Melancon, filed suit pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and, additionally, under the laws of the State of Louisiana, La. Civ. Code arts. 2315, 2316, 2317, and 2320, against Defendants Town of Sorrento ("Sorrento"), Sorrento Police Chief Earl Theriot, Jr. ("Theriot"), and Sorrento Police Officer Catherine R. "Cathy" Gil ("Gil"). (Doc. 1, p. 1). Plaintiffs

1

allege that Joseph Melancon was harassed, intimidated, threatened, stalked, falsely arrested, falsely detained, and ultimately falsely charged with an alleged violation of Town of Sorrento Zoning Ordinance Section 3.3. (Doc. 1, p. 2). Plaintiffs allege that Mary Melancon was also harassed, intimidated, threatened, stalked, and made subject of intentional and/or negligent infliction of emotional distress. (Doc. 1, p. 2).

Plaintiffs allege that on or about November 28, 2012, Theriot fabricated an anonymous zoning complaint against Plaintiffs. (Doc 1, p. 7). Plaintiffs allege that Gil traveled to Plaintiff's home, at Defendant Theriot's direction, to investigate the alleged zoning violation, but was refused entry because she did not have a warrant, among other reasons. (Doc. 1, p. 8). Plaintiffs allege that after refusing Gil entry to their property, they informed Gil that Theriot was not welcome on their property. (Doc. 1, p. 9). Plaintiffs allege that Gil informed Theriot he was not welcome on Plaintiffs' property. (Doc. 1, p. 9). Plaintiffs allege that Theriot drove to their house and, even though Gil informed again him in person that he was not welcome, he walked up their driveway to where Joseph Melancon was standing. (Doc. 1, p. 9).

Plaintiffs allege that Theriot threatened them and that he told them that they didn't have any rights and that he would search the home regardless of their expressed desire that he not come onto the property. (Doc. 1, p. 12). Plaintiffs allege that Theriot ultimately left and ordered Gil to issue a citation to Mr. Melancon. (Doc. 1, p. 12). Plaintiffs allege that Gil issued the citation, returned to the police station to fill out a report, and that, several days, later Gil's report was significantly and materially altered. (Doc. 1, p. 12-13).

Defendants deny these allegations. (*See* Doc. 2).

B. Gil's Crossclaim

Defendant Gil filed a crossclaim against Theriot, Sorrento, and named Mayor Michael Lambert ("Lambert") as a third party defendant pursuant to Rule 14(a). (Doc. 10). Crossclaim Plaintiff Gil alleges that she was wrongfully terminated in December 2013. (Doc. 10, p. 16). Additionally, Gil alleges that Crossclaim Defendants violated her substantive due process rights, her due process rights, her rights of equal protection because she was discriminated against based on her sex, her First Amendment rights, and she alleges a number of state law claims.[1] (Doc. 10). Gil's complaint talks at length in regards to her job responsibilities and numerous events that occurred during her employment at the Sorrento Police Department, both before and after the incident in Plaintiffs' complaint. (Doc. 10). The events include, but are not limited to: numerous alleged incidents of harassment and discrimination, a confidential settlement she received, an alleged breach of that settlement by Lambert, changes to her duty schedule, and injuries she received while on and off duty. (Doc. 10). As it related to Plaintiffs' claims, Gil alleges that "[a]fter the incident complained of by Plaintiffs, [she] was subjected to a concerted and coordinated arbitrary, unlawful sexual and employment discrimination." (Doc. 10, p. 22, ¶ 31).

Gil alleges that, following the incident in Plaintiffs' complaint, Lambert obtained a complete copy of the confidential settlement file and that Lambert provided the file to a local newspaper, which subsequently published an article with details of the settlement. (Doc. 10, p. 22-23). Gil alleges after the article was published, she received a punitive duty rotation that alternated days and nights, which allegedly was significantly different than her former schedule. (Doc. 10, p. 24). Gil

---

[1] Gil asserts the following state law claims: Invasion of Privacy, Libel, Slander, Defamation of Name of Character; Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, Negligence, and Deliberate Indifference to Gil's Safety. (Doc. 10, p. 35 ¶ 102).

alleges that following this new schedule, she was shunned within the Department and that Theriot ordered she was no longer to receive any backup on calls to which she responded. (Doc. 10, p. 24-25).

Gil alleges that in August 2013, Sorrento's insurer requested a statement from Gil regarding Plaintiffs' incident. (Doc. 10, p. 25). Gil alleges she provided a written statement to Plaintiffs' counsel, and Theriot informed her Lambert wasn't satisfied with that statement. (Doc. 10, p. 25). Gil alleges her private counsel sent a facsimile to Theriot and Lambert informing them that the confidentiality of the prior settlement had been breached. (Doc. 10, p. 25). Gil alleged that after receipt of the facsimile, Lambert told Theriot to order Gil to provide a statement without her attorney and, if she would not comply, he should fire her. (Doc. 10, p. 25).

Gil alleges that in September 2013, she was significantly injured while she was on duty when attempting to subdue an out of control individual. (Doc. 10, p. 26). Gil alleges she received serious back injuries and that she may not have been as seriously injured if she had received backup. (Doc. 10, p. 26). Gil alleges she was entitled to medical and other benefits, that Sorrento and the police department refused to assist her, which resulted in her filing a petition for workers compensation. (Doc. 10, p. 26).

Gil alleges that in late 2013, Theriot and Lambert began to " . . . dismantle the department by falsely reporting that no insurance was available requiring all officers to be laid of." (Doc. 10, p. 26, ¶ 52). Gil alleges that insurance coverage was recommended but not required. (Doc. 10, p. 26, ¶ 53). Gil alleges that she, and others, were laid off, that they were also told that the layoffs were temporary, and that they would be re-hired in 2014, but no one was rehired. (Doc. 10, p. 25). Gil alleges that as a result of the actions described above, she "sustained actual damages, including

physical pain and suffering, chronic neckpain and injury, loss of her liberty; mental and emotional suffering; worry; fear; anguish; shock; nervousness; anxiety; and loss of ability to fully perform certain job duties and enjoyable recreation activities . . ." (Doc. 10, p. 27, ¶ 60).

II.    *Present Motion*

Crossclaim Defendants Sorrento and Theriot[2] seek to dismiss Gil's crossclaim by arguing that there is a tenuous relationship between Plaintiffs' claims and Gil's claim because Gil's claim "simply does not 'arise out of' the occurrence that is the subject matter of [Plaintiffs'] complaint, neither does her claim relate to the property that is the subject matter of [Plaintiffs'] original action." (Doc. 9-1, p. 2). Crossclaim Defendants argue that the facts of Plaintiffs' complaint concern being threatened, harassed, and assaulted by Gil and Theriot, that Gil and Theriot intruded on their property, violating their constitutional rights, and that they were fined and issued a summons for a false allegation from Theriot. (Doc. 9-1, p. 6). Crossclaim Defendants argue that Gil's crossclaim, in contrast, are "based around facts that involve her assertions of wrongful termination, sexual discrimination, violation of her Due Process rights, violation of Equal Protection, and violation of her First Amendment rights." (Doc. 9-1, p. 6).

Crossclaim Defendants argue that there is not a logically dependent relationship between Plaintiffs' claim and Gil's crossclaim because, even though the claims "involve some of the same people, they do not involve the same central factual inquiry." (Doc. 9-1, p. 4). Crossclaim Defendants argue that "the aggregate operative facts in each claim differ; and the facts in Plaintiffs' claim do not activate additional legal rights that Gil would not have otherwise had." (Doc. 9-1, p. 5). Finally, Crossclaim Defendants argue that Gil's crossclaim "does not arise from the same

---

[2] Michael Lambert, though named as a third-party defendant, is not a party to this Motion. Thus the Court only considers this Motion as to Sorrento and Theriot.

occurrence which gave rise to the original claim, nor did it arise during the course of the main claim, nor does it comprise an integral part of the main claim." (Doc. 9-1, p. 7).

Gil has filed no opposing pleading.

### III. *Crossclaim Standard - The Logical Relationship Test*

While not specifically invoked, Gil's crossclaim is brought pursuant to Fed.R.Civ.P. 13(g) which permits a party to plead as a crossclaim any claim "against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action." Fed.R.Civ.P. 13(g). In determining whether a crossclaim "arises out of the transaction or occurrence" that is the subject matter of a Plaintiff's claim, the Fifth Circuit has adopted the logical relation test. *See Plant v. Blazer Fin. Servs., Inc. of Georgia*, 598 F.2d 1357, 1360-61 (5th Cir. 1979); *see also Revere Copper & Brass Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 714-15 (5th Cir. 1970) (stating compulsory counterclaims under Rule 13(a) and crossclaims under Rule 13(g) must meet the same "transaction and occurrence" test).

In *Nat'l Liab. & Fire Ins. Co. v. R & R Marine, Inc.*, 756 F.3d 825, 835 (5th Cir. 2014), the Fifth Circuit explained the test as thus:

> The logical relation test is a loose standard which permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits. A logical relationship exists when the counterclaim arises from the same 'aggregate of operative facts' in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant.

*Id.* (internal citations and quotations omitted).

### IV. *Analysis*

After careful consideration of the relevant facts and law, the Court agrees with Crossclaim

Defendants that Gil's crossclaim does not satisfy the logical relation test.

Plaintiffs' claim in this case arises out of an alleged incident where Gil and Theriot traveled to Plaintiffs' house on November 28, 2012, based on a zoning complaint Plaintiffs argue was fabricated. (Doc. 1, p. 2). Plaintiffs' claim that on that day they were, among other things, harassed, intimidated, threatened, stalked, falsely arrested, and falsely detained by Theriot, Gil, and other unnamed officers. (Doc. 1, p. 2). Gil's crossclaim, on the other hand, lists detailed events that occurred before and after the incident in Plaintiffs' complaint, and alleges, among other things, wrongful termination, harassment, discrimination. (Doc. 10). Most pertinent to this Motion is Gil's allegation that "[a]fter the incident complained of by Plaintiffs, [she] was subjected to a concerted and coordinated arbitrary, unlawful sexual and employment discrimination." (Doc. 10, p. 22, ¶ 31).

Gil's detailed list of events before and after Plaintiffs' complaint strongly demonstrate that Gil's crossclaim is not based on the same operative facts because Plaintiffs' complaint concerns the alleged events of November 28, 2012, while the alleged events in Gil's complaint span many months. Furthermore, Gil's crossclaim offers no details of the events in Plaintiffs' complaint, which only highlights the distinct differences between the Complaint and crossclaim. Thus, the operative facts in Gil's crossclaim and Plaintiffs' complaint can not logically serve as the basis of both claims because the operative facts in each claim are separate and distinct from one another. Additionally, Plaintiffs' claims do not activate any additional right that would otherwise remain dormant for Gil because Gil's crossclaim concerns events separate and distinct from the incident in Plaintiffs' complaint. Therefore, Gil's crossclaim does not satisfy the requirements of the logical relation test.

V. *Rule 21 Severance*

This Court has previously explained that "Rule 21 of the Federal Rules of Civil Procedure

permits a court to sever any claim against a party." *Carmouche Ins., Inc. v. Astonish Results*, LLC, No. CIV.A. 14-00061-SDD, 2014 WL 2740464, at *6 (M.D. La. June 17, 2014). Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed.R.Civ.P. 21. The Fifth Circuit has explained that "[t]he trial court has broad discretion to sever issues to be tried before it." *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994) (citing Fed.R.Civ.P. 21).

After careful consideration of the facts of this case, the Court chooses to exercise its discretion under Rule 21 as to Gil's crossclaim because severance is more appropriate than dismissal. In analyzing whether severance is appropriate, the Eastern District has used the following standard:

> To determine whether a claim should be severed, a court may consider the following factors: (1) whether the claim arose out of the same transaction or occurrence; (2) whether the claims present common questions of law or fact; (3) whether settlement or judicial economy would be promoted; (4) whether prejudice would be averted by severance; and, (5) whether different witnesses and documentary proof are required for separate claims.

*E. Cornell Malone Corp. v. Sisters of the Holy Family, St. Mary's Acad. of the Holy Family*, 922 F. Supp. 2d 550, 561 (E.D. La. 2013); *see also Xavier v. Belfor Grp. USA, Inc.*, No. CIV.A.06-491, 2008 WL 4862549, at *3 (E.D. La. Sept. 23, 2008).

While not binding, the Court finds these factors persuasive. Application of these factors in the instant case demonstrates that severance, rather than dismissal, is appropriate.

First, the Court has determined, as explained above, that Gil's crossclaim does not arise out of the same transaction or occurrence. Second, while Gil's crosslaim and Plaintiffs' Complaint are based similarly in the Constitution, they are both factually distinct and separate from one another. Thus, both of these factors weigh in favor of severance.

Third, Gil's crossclaim adds numerous separate causes of action and also attempts to incorporate an additional party, Lambert. If Gil's crossclaim is not severed, Gil's separate causes of action will hinder the timely adjudication of Plaintiffs' claim because of how distinct the two sets of claims are. Additionally, a substantial waste of judicial resources would occur because the Court would have to maintain distinct and separate claims in one suit. Thus, the third factor weighs in favor of severance.

Finally, Gil's claim would require substantially different documentary evidence and different witnesses from Plaintiffs' claim. The events central to Plaintiffs' claim occurred on a single day. Gil's claim, in contrast, spans many months, concerns distinctly separate documentation, such as the confidential settlement that was allegedly breached, and would include witnesses that would be immaterial to Plaintiffs' claim. Thus, the fifth factor also weighs in favor of severance.[3]

In *United States v. O'Neil,* 709 F.2d 361, 368 (5th Cir. 1983), the Fifth Circuit explained the effects of severance as thus:

> Severance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other.

*Id.* Thus, these actions will proceed separately.

## VI.  12(b)(6) Motion to Dismiss

Crossclaim Defendants' Motion gives a one sentence alternative Rule 12(b)(6) motion to dismiss "if the claim relates to any property that is the subject matter of the original action," and claim, without further explanation in their Memorandum in Support, that "Gil has failed to state a

---

[3] The fourth factor is neutral in this case, leaving four out of the five factors weighing in favor of severance.

claim upon which relief can be granted." (Doc. 9, p. 1). Because the Court has found, as explained above, Gil's crossclaim does not satisfy the logical relation test required by Rule 13(g), the Court denies Crossclaim Defendants' one sentence alternative motion.

## VII. *Conclusion*

Accordingly, **IT IS ORDERED** that the Motion to Dismiss Cross Claim of Catherine Gil Filed on Behalf of the Town of Sorrento and Earl Theriot, Jr., (Doc. 9), is **GRANTED IN PART**; **IT IS FURTHER ORDERED** that Gil's crossclaim (See Doc. 10) is hereby **SEVERED**, and the Clerk of Court is hereby directed to refile Gil's suit, to assign it a new docket number, and assign the new suit to this section; and **IT IS FURTHER ORDERED** that, in all other respects, Crossclaim Defendants' Motion is **DENIED**.

Signed in Baton Rouge, Louisiana, on January 28, 2015.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**